IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| STEVEN GOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 22-3312-CV-S-WBG |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AND OPINION DENYING DEFENDANT'S MOTION TO STRIKE**

Pending is Defendant's Motion to Strike Plaintiff's Expert's Testimony. Doc. 34. For the following reasons, the Court **DENIES** Defendant's motion.

## I. BACKGROUND

This matter arises from a January 2021 vehicular collision. Doc. 2 at 2. A United States Postal Service ("USPS") employee, driving a delivery truck, rear-ended a Plymouth Barracuda driven by Plaintiff Steven Golden. *Id*. at 2-5. In December 2022, Plaintiff filed this lawsuit pursuant to the Federal Tort Claims Act ("FTCA") against the United States of America. *Id*. at 2-6. He alleges he suffered "significant physical injuries" as a result of the collision. *Id*. at 5-6.

On January 19, 2024, Defendant filed a motion seeking to strike the testimony of Plaintiff's expert, Mitchell Mullins, D.O. Doc. 34. Defendant contends the expert's testimony must be stricken because his report fails to satisfy Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, and his opinions fail to satisfy the requirements of Rule 702 of the Federal Rules of Evidence. *Id*. at 1. Plaintiff opposes the motion, arguing Dr. Mullins's report complies with both rules. Doc. 39. On February 29, 2024, Defendant filed its reply, and the motion is now fully briefed. Doc. 43.

## II. DISCUSSION

### A. Whether Plaintiff's Expert's Report Satisfies the Rule 26 Requirements

#### (1) Rule 26 Requirements

The Federal Rules of Civil Procedure set forth when an expert witness must provide a written report, and what must be included in the report. Fed. R. Civ. P. 26(a)(2)(B). When a party discloses an expert witness, the "disclosure must be accompanied by a written report – prepared and signed by the witness . . . ." *Id*. The expert witness's report must include the following: (1) "a complete statement of all opinions the witness will express and the basis and reasons for them"; (2) "the facts or data considered by the witness in forming them"; (3) "any exhibits that will be used to summarize or support them"; (4) "the witness's qualifications, including a list of all publications authored in the previous 10 years"; (5) "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition"; and (6) "a statement of the compensation to be paid for the study and testimony in the case." Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi); *see also* Doc. 16 at 3.

If a party fails to timely provide information required by Rule 26(a), the party will not be permitted to use that information at trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In addition to or in lieu of the foregoing sanction, the Court may, among other things, order the offending party to pay reasonable expenses or impose other appropriate sanctions. *Id*. To determine whether a Rule 26 violation is justified or harmless, courts consider several factors including (1) prejudice or surprise to the opposing party, (2) the ability of the party to cure the prejudice, (3) the extent to which allowing the testimony would disrupt the trial, and (4) the moving party's bad faith or willfulness. *See Rodrick v. Wal-Mart Stores E., L.P.*, 666 F.3d 1093, 1096-97 (8th Cir. 2012) (citation omitted).

### (2) Dr. Mullins's Report

Defendant contends Dr. Mullins's report does not contain the basis of, reasons for, and facts or data he considered in forming his opinions that (1) Plaintiff's injuries were caused by the January 2021 vehicle accident, and (2) Plaintiff will require future medical care. Doc. 34 at 6-9. Defendant concedes Dr. Mullins's report lists the medical records he reviewed and the range of motion tests. *Id*. at 8. But Defendant contends Dr. Mullins "does not indicate how these records and tests" led to his opinions regarding Plaintiff's injuries and future care. *Id*. at 8-9.

In his report, Dr. Mullins states his "opinions and diagnoses are based on the medical records provided to [him]" and "the history and physical personally completed by" him. Doc. 34-1 at 10; *see also* Doc. 34-1 at 4-8 (discussing Plaintiff's medical records and tests). He further represents his opinions are based "upon the information reviewed a[s] set forth in [his] report," which includes "medical records, photographs, history from the patient, physical examination, billing, and the resource materials as set forth in [his] report and life care plan." *Id*. at 11. According to Dr. Mullins, "[m]edical professionals rely upon medical records, patient history, physical examination, and other resources . . . in forming medical opinions as part of the treatment, diagnosis, determining the cause of injuries, extent of injuries, and the future treatment of injuries." *Id*.

Based on its review of Dr. Mullins's report, the Court finds the Rule 26(a)(2)(B) requirements have been met. That is, Dr. Mullins's report identifies the information he considered in forming his opinions that Plaintiff's injuries were caused by the vehicle accident at issue in this matter, and Plaintiff will require future medical care. Therefore, the Court **DENIES** Defendant's motion to strike Dr. Mullins's report on the basis his report did not comply with Rule 26.

### B. Whether Plaintiff's Expert's Report Satisfies Rule 702

#### (1) Satisfaction of Rule 702

The Federal Rules of Evidence govern the admission of expert testimony:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702. When determining whether expert testimony satisfies Rule 702 of the Federal Rules of Evidence, this Court utilizes a three-part test:

> First, evidence based on scientific, technical, or other specialized knowledge must be useful to the finder of fact in deciding the ultimate issue of fact. This is the basic rule of relevancy. Second, the proposed witness must be qualified to assist the finder of fact. Third, the proposed evidence must be reliable or trustworthy in an evidentiary sense, so that, if the finder of fact accepts it as true, it provides the assistance the finder of fact requires.

*Johnson v. Mead Johnson & Co.*, 754 F.3d 557, 561 (8th Cir. 2014) (citation omitted). Since Rule 702 reflects an attempt to liberalize the admission of expert testimony, courts describe the rule as "one of admissibility rather than exclusion." *See, e.g.*, *Shuck v. CNH Am., LLC*, 498 F.3d 868, 874 (8th Cir. 2007) (citation omitted). "Courts should resolve doubts regarding the usefulness of an expert's testimony in favor of admissibility." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 758 (8th Cir. 2006) (citations omitted). As the proponent of Dr. Mullins's expert testimony, Plaintiff has the burden of proving the testimony's admissibility by a preponderance of the evidence. *In re Bair Hugger Forced Air Warming Devices Prods. Liab. Litig.*, 9 F.4th 768, 776 (8th Cir. 2021) (citation omitted).

### (2)  Usefulness to Finder of Fact

Defendant maintains Dr. Mullins's report and his trial testimony are not useful to the finder of fact. Doc. 34 at 9-10. In support, Defendant states Dr. Mullins's report, which was rendered in January 2022, is two years old, has not been updated, and since that time, Plaintiff's leg was amputated as result of an unrelated motorcycle accident. *Id*. at 10. Defendant also argues Dr. Mullins's life care plan is "irrelevant" because Plaintiff will not have surgery, which Dr. Mullins recommended. *Id*.

Consistently, the Eighth Circuit has held "the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility." *In re Bair Hugger*, 9 F.4th at 778 (citation omitted). If the factual basis or methodology utilized by an expert is disputed, the Court may exclude an expert when the expert's opinion is "so fundamentally unsupported . . . it can offer no assistance to the jury." *Id*. (citations omitted). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means" of addressing "shaky but admissible evidence." *Id*. (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 596 (1993)). Courts are "not to weigh or assess the correctness of competing expert opinions." *Johnson*, 754 F.3d at 562 (citation omitted). Rather, the fact finder decides among different experts' conflicting views. *Hill v. Sw. Energy Co.*, 858 F.3d 481, 486 (8th Cir. 2017) (citation and internal quotations omitted). The inquiry envisioned by Rule 702 is "a flexible one" with the focus to be "solely on principles and methodology, not on the conclusions that they generate." *Daubert*, 509 U.S. at 594-95.

Upon reviewing Dr. Mullins's report, the Court finds his testimony may be helpful. "Rule 702 is 'satisfied where expert testimony advances the trier of fact's understanding to any degree.'" *United States v. Perry*, 61 F.4th 603, 606 (8th Cir. 2023) (citing *Robinson v. GEICO Gen. Ins. Co.*,

447 F.3d 1096, 1100 (8th Cir. 2006)). To the extent his opinions are flawed or omit certain facts, Defendant may cross-examine Dr. Mullins on those issues. The Court will consider Dr. Mullins's opinions and testimony, the factual bases and reasons for his opinions, assess his credibility, and afford whatever weight to his opinions as it sees fit. Accordingly, the Court **DENIES** Defendant's motion to strike on the basis that Dr. Mullins's trial testimony will not be helpful.

### (3) Dr. Mullins's Qualifications

Defendant maintains Dr. Mullins is not qualified to render his opinions in this matter. Doc. 34 at 10-11. More specifically, Defendant asserts Dr. Mullins, who was an emergency room physician, is not qualified to diagnose Plaintiff's injuries, attribute an injury to particular event, or opine on future medical care. *Id*.

Dr. Mullins may qualify as an expert based on his "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. According to Dr. Mullins's curriculum vitae, he received his Doctor of Osteopathic Medicine and surgery in 1987. Doc. 34-3 at 2. Between 1987 and 2019, he practiced emergency medicine. *Id.* at 2-3. Since 2011, Dr. Mullins has owned his own business performing independent medical evaluations and life care plans. *Id*. at 2. And since 2012, Dr. Mullins has been a certified life care planner through the University of Florida. *Id*. at 3.

Based on the information in Dr. Mullins's curriculum vitae, the Court finds he is qualified to render medical opinions in this matter. The Eighth Circuit has observed "[g]aps in an expert witness's qualifications or knowledge generally go to the weight of the witness's testimony, not its admissibility." *Perry*, 61 F.4th at 606 (citation omitted). Therefore, the Court **DENIES** Defendant's motion to strike Dr. Mullins's testimony on the basis that he is not qualified.

### (4) Reliable Principles and Methodology

Finally, Defendant moves to strike Dr. Mullins's testimony because his report "does not bear indicia that it is a product of reliable principles and methodology nor reflect a reliable application of such to the facts of this case." Doc. 34 at 11-14. More specifically, Defendant argues Dr. Mullins (1) "did not factor into his analysis the effect of Plaintiff's injuries from an unrelated motorcycle accident," (2) conducted the physical examination of Plaintiff remotely, (3) failed to account for improvement in Plaintiff's condition, (4) did not provide any support for his conclusion that the January 2021 collision caused injury to Plaintiff's left shoulder, (5) did not include an analysis of the effect of Plaintiff's failure to mitigate his injuries or non-compliance with treatment, and (6) failed to address Plaintiff's pre-existing injuries. *Id*.

With regard to reliability and relevancy determinations, courts may consider "whether the theory or technique can be or has been tested," "whether the theory or technique has been subjected to peer review or publication," "whether the theory or technique has a known or potential error rate and standards controlling the technique's operation," and "whether the theory or technique is generally accepted in the scientific community." *Russell v. Whirlpool Corp.*, 702 F.3d 450, 456 (8th Cir. 2012) (citation omitted). This inquiry is "flexible and fact specific." *Id*. at 456-57.

Although Defendant maintains it questions the reliability of the principles and methodologies used by Dr. Mullins, the examples it cites in support of its argument do not pertain to principles and methodologies. Instead, Defendant's examples relate to the factual bases (or lack thereof) in Dr. Mullins's report. As discussed above, "the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility." *In re Bair Hugger*, 9 F.4th at 778. And Defendant will have the opportunity cross-examine Dr. Mullins on those issues. *Id*. As such, the

Court **DENIES** Defendant's motion to strike based on its argument that Dr. Mullins's report was not the result of reliable principles and methodologies.

### III. CONCLUSION

Based on the foregoing analysis, the Court **DENIES** Defendant's Motion to Strike Plaintiff's Expert's Testimony.

**IT IS SO ORDERED.**

DATE: April 23, 2024              /s/ W. Brian Gaddy
                                  W. BRIAN GADDY
                                  UNITED STATES MAGISTRATE JUDGE